**UNION TEXAS PETROLEUM CORPORATION, an Allied Company, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 82–4473.

United States Court of Appeals, Fifth Circuit.

Dec. 12, 1983.

---

Baker & Botts, Charles M. Darling, IV, Thomas J. Eastment, Washington, D.C., for petitioner Allied Chemical Corp.

Thomas E. Hirsch, III, Atty., Washington, D.C., for respondent Federal Energy Regulatory Commission.

Before CLARK, Chief Judge, THORN-BERRY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This case presents the issue of whether Union Texas Petroleum Corporation's ("UTP's") 1979 contract amendment with Texas Gas Transmission Corporation ("Texas Gas") qualifies as a "rollover" contract under the Natural Gas Policy Act of 1978 ("NGPA"), § 2 et seq., 15 U.S.C.A. § 3301 et seq. (1982). Because we agree with the Federal Energy Regulatory Commission ("FERC") that it does not, we affirm FERC's orders in this case.

The facts are not in dispute. In 1961, UTP[1] entered into a contract with Texas Gas. The contract provided for the sale in interstate commerce of gas produced by UTP from specified acreage in the Lake Arthur Field of Louisiana. The contract's term ended on January 1, 1972. On October 25, 1971, prior to the expiration of the 1961 contract, UTP and Texas Gas executed an amendment which, among other things, extended the term of the contract through 1992. Under the 1971 amendment, UTP continued to collect the applicable rate set by the Federal Power Commission[2] for "old" (flowing) gas from the Southern Louisiana area, with certain escalations.

In 1979, after the NGPA was enacted, UTP and Texas Gas again amended their 1961 gas purchase contract. The 1979 amendment permitted UTP to charge Texas Gas the maximum rate permitted by the NGPA. One element of the consideration for this new amendment was UTP's grant to Texas Gas of the right of first refusal to an additional 100 billion cubic feet of gas. UTP's obligation was conditioned upon FERC allowing UTP the rollover contract rate under the NGPA.

This proceeding began when UTP filed a petition for declaratory order seeking NGPA rollover treatment for its 1979 amendment under NGPA § 104(b)(1). In the alternative, UTP requested that FERC exercise its discretion under NGPA § 104(b)(2) or § 106(c) to grant UTP rollover status. FERC rejected both of UTP's requests. On rehearing, FERC again refused to find that UTP's 1979 amendment qualified for NGPA rollover treatment. FERC did, however, exercise its discretion under NGPA § 104(b)(2) to authorize UTP to collect the rollover rate under the Natural Gas Act ("NGA"), 15 U.S.C.A. § 717 et seq. UTP petitions for review of both FERC's original order and its order on rehearing.

When faced with a problem of statutory construction, this court accords great deference to the interpretation given the statute by those agency officials charged with its enforcement. *Blum v. Bacon,* 457 U.S. 132, 102 S.Ct. 2355, 2361, 72 L.Ed.2d 728 (1982); *Red Lion Broadcasting Co. v. FPC,* 395 U.S. 367, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969); *Ecee, Inc. v. FERC,* 645 F.2d 339, 360 (5th Cir.1981); *Falcon Petroleum v. FERC,* 642 F.2d 780, 783 n. 3 (5th Cir.1981).

---

1. UTP is the name under which Allied Chemical Corporation filed its rate schedules. Allied Chemical Corporation was the corporate predecessor-in-interest to Allied Corporation, and was the original petitioner here. UTP is a wholly-owned subsidiary of Allied Corporation.

2. The Federal Power Commission was FERC's predecessor agency.

Here, FERC interprets the NGPA as having replaced its previous rollover policies under the NGA.[3] UTP disputes this interpretation and argues in favor of rollover treatment under NGPA §§ 106 and 104. Both UTP and FERC cite legislative history to support their positions. Because we think that the language of the statute is clear, we need not examine that legislative history. *Rubin v. United States,* 449 U.S. 424, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981); *Pope v. Rollins Protective Services Co.,* 703 F.2d 197, 206 (5th Cir.1983).

■ As FERC points out, Congress replaced FERC's previous rollover policies under the NGA by incorporating into the NGPA specific provisions governing rollover contracts. NGPA § 106 sets up ceiling prices for sales under rollover contracts. Section 2(12) of the Act defines rollover contracts. Furthermore, the last sentence of § 106(a) indicates that Congress intended to "cover the field" as far as post-NGPA rollover contracts were concerned: "For purposes of this subsection, the term 'rollover contract' includes any contract which would have been a rollover contract but for the fact that the expiration of the previous contract occurred prior to [the effective date of this Act]."

Since NGPA §§ 106 and 2(12) replaced FERC's previous rollover policies under the NGA, UTP's contention that it may qualify for rollover treatment under § 104 must fail. NGPA § 104 governs ceiling prices for sales of gas already dedicated to interstate commerce. UTP argues that embodied in NGPA § 104 is the Commission's previous NGA rollover policy. However, since the NGPA § 106 replaced the previous NGA rollover policies, FERC properly concluded that UTP could qualify for rollover treatment, if at all, under the new NGPA rollover policy set forth in § 106(a) and 2(12) of the NGPA.

■ Furthermore, UTP cannot qualify for rollover treatment under § 106 because its 1979 amendment does not currently fall within the definition of rollover contracts set up in § 2(12). Section 2(12) defines a rollover contract as:

... any contract, entered into on or after November 9, 1978, for the first sale of natural gas that was previously subject to an existing contract which expired at the end of a fixed term (not including any extension thereof taking effect on or after November 9, 1978) specified by the provisions of such existing contract, *as such contract was in effect on November 9, 1978,* whether or not there is an identity of parties or terms with those of such existing contract.

(emphasis added). Section 2(13) defines "existing contract" as "any contract for the first sale of natural gas in effect on November 8, 1978." UTP's 1961 contract, as extended in 1971, was the contract in effect on November 9, 1978. As that contract was in effect on that date, the term does not expire until 1992. Not until then will UTP's 1979 amendment qualify for NGPA rollover treatment.[4]

■ Because FERC found that UTP's 1979 contract amendment was not a rollover contract within the meaning of the NGPA, UTP would have been held, in the absence of FERC action, to the old "flowing" gas rate, escalated for inflation under § 104(b)(1). FERC resolved UTP's situation by exercising its discretion under NGPA § 104(b)(2) in its order on rehearing to grant UTP the NGA rollover rate. FERC reasoned that granting UTP the NGA rollover rate would ensure that UTP would not receive a lower rate than it would have received had the NGPA not

**3.** For a discussion of the Federal Power Commission's pre-NGPA rollover policies, see Opinion No. 699–H, 52 F.P.C. 1604, 1631–33, *aff'd sub nom., Shell Oil Co. v. FPC,* 520 F.2d 1061, 1070, 1076–78 (5th Cir.1975), *reh'g denied,* 525 F.2d 1261 (5th Cir.1976), *cert. denied,* 426 U.S. 941, 96 S.Ct. 2661, 49 L.Ed.2d 394 (1976).

**4.** We do not imply that § 104 is never applicable to rollover contracts. If an interstate contract falls within the § 2(12) definition of "rollover contract," that contract may be priced under § 104 or § 106(a), whichever results in a higher rate. Here, UTP's 1979 amendment does not qualify as a rollover contract under § 2(12).

been enacted. Finding no abuse of discretion here, we AFFIRM.